Jose Isidro LA SANTA–ANDREU,
Plaintiff,

v.

BRISTOL MYERS SQUIBB MAN-
UFACTURING COMPANY,
Defendant.

Marcelo Diaz, Plaintiff,

v.

Bristol Myers Squibb Manufacturing
Company, Defendant.

Civil Nos. 13–1118(ADC), 13–1119(ADC).

United States District Court,
D. Puerto Rico.

Signed Jan. 27, 2015.

Frank E. Laboy–Blanc, Humacao, PR,
for Plaintiff.

Lourdes C. Hernandez–Venegas, Ana B.
Rosado–Frontanes, Schuster & Aguilo
LLP, San Juan, PR, for Defendant.

## OPINION & ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

Before the Court is plaintiffs' José Isidro La Santa–Andreu ("La Santa") and Marcelo Díaz's ("Díaz") (collectively, "plaintiffs") motion for attorney's fees, a second motion for attorney's fees, and defendant Bristol Myers Squibb Manufacturing Company's ("BMS" or "defendant") respective oppositions to plaintiffs' fee requests. **ECF Nos. 163, 172, 165, 173.** In essence, the issue before the Court is whether plaintiffs are entitled to attorney's fees under the Employment Retirement Income Security Act, 29 U.S.C. § 1002 *et seq.* ("ERISA"), as plaintiffs seem to suggest, even though plaintiffs previously argued that ERISA did not govern defendant's employee severance plan. *See* **ECF No. 70.**

### I. Pertinent Background

The captioned complaint was removed from the Court of First Instance, Humacao Part. In this Court, La Santa, Díaz, and César Cruz ("Cruz") filed an amended complaint against BMS. **ECF No. 25.** Díaz and La Santa claimed breach of contract, violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 601 *et seq.* (the "ADEA"); numerous claims under ERISA, including interference with protected rights, failure to report benefit rights, breach of fiduciary duty, an action for statutory penalty, an action for benefits under the plan, an action for violation of protected rights, and an action for damages; claims under the Puerto Rico unjustified dismissal statute, P.R. Laws Ann. tit. 29, § 185a *et seq.* ("Law 80") for unjustified dismissal and interference with their rights to employee benefits; and a claim under Puerto Rico's employment discrimination statute, P.R. Laws Ann. tit. 29, § 145 *et seq.* ("Law 100") for age discrimination. *Id.*

After the Court referred all pretrial management to Magistrate–Judge Marcos López, including the rendering of reports and recommendations ("R & R") on any pending dispositive motions, the Magistrate Judge issued two R & Rs (**ECF Nos. 50, 70**), which the Court subsequently adopted. **ECF Nos. 158, 159.** In its opinions the Court found, in pertinent part, that defendant's severance plan was not an employee benefit plan within the scope of ERISA and that plaintiffs Díaz and La Santa's Age Discrimination in Employment Act ("ADEA") claims were time-barred. *Id.* Consequently, the Court dismissed with prejudice the ERISA claim and plaintiffs' ADEA claims, remanding the breach of contract and remaining Commonwealth law claims law claims to the Commonwealth of Puerto Rico Court of First Instance. **ECF No. 160.**

Plaintiffs now request attorney's fees and costs for the litigation of the claim in federal court, stating they should be afforded fees for the time they argued the case in federal court. **ECF Nos. 163, 172.** Defendant opposes plaintiffs' request. **ECF Nos. 165, 173.**

### II. Standard of Review

Under the American Rule, attorney's fees may be granted only if the relevant statute provides for such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). ERISA, the statute plaintiffs invoke here, provides for the award of attorney's fees. 29 U.S.C. § 1132(g)(1).

In assessing attorney's fees, courts use the "lodestar method" as the proper methodology in determining the reasonableness of the award. To arrive at the lodestar, the Court multiplies "the number

of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The First Circuit Court of Appeals has established that "... the lodestar method is a tool, but it is not merely a tool. The method is also a device which enables courts to pay homage to the fundamental reason that Congress passed the Fees Act: its resolve that certain types of wrongs, such as discrimination on account of sex, should not be countenanced, and that private suits aimed at redeeming such abuses should be encouraged." *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 (1st Cir.1997).

## III. Discussion

■ In plaintiffs' first request, they did not submit any particular amount or any time records in support of the fee request. **ECF No. 163.** Instead, plaintiffs argued the propriety of an award under ERISA and the manner in which courts should calculate the amount of the award. *Id.* Months later, plaintiffs filed a second motion in which an estimate of the time records were provided because counsel's contemporaneous time records were destroyed in an office fire and further argumentation on the propriety of the award and how to properly calculate it. **ECF No. 172.** In addition, the Court notes that, although plaintiffs request that the Court award costs, they have not submitted any amount or records associated with the costs they are requesting. **ECF Nos. 163, 172.**

Defendant opposes plaintiffs' requests, arguing that plaintiffs are unable to recover attorney's fees under ERISA because, as plaintiffs themselves argued, the Court found that the defendant's severance plan was not an ERISA covered plan and all the cases that plaintiffs cite in support of their request involved ERISA plans. **ECF No. 165** at 5; **ECF No. 173** at 2, 4. Furthermore, defendant avers that attorney's fees are improvident inasmuch as plaintiffs did not prevail on the merits of their claims and their case was remanded to Commonwealth court for lack of subject matter jurisdiction. **ECF No. 165** at 6–7; **ECF No. 173** at 4–5. Upon review of the applicable case law, the Court agrees with defendant.

Here, the Court found that BMS's plan was not an ERISA covered plan. **ECF No. 158.** The Court's finding validated one of plaintiffs' procedural arguments. Notwithstanding, despite defendant's removal of the case under ERISA, plaintiffs took advantage of the federal forum by amending the removed complaint to include federal claims (**ECF No. 25**), including ERISA breach of fiduciary duties claims and ADEA claims, which the Court subsequently dismissed as time-barred. **ECF No. 159.** Therefore, although the Court ultimately found that defendant's plan was not one covered by ERISA, which was the basis for defendant's removal, plaintiffs did not seek to remand the case to Commonwealth Court, opting instead to include additional federal claims, nor did they seek costs and legal fees associated with the remand, in accordance with the applicable statute. 28 U.S.C. § 1447(c).[1]

1. The statute prays:
    A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

Plaintiffs center their arguments and briefs requesting attorney's fees on the proposition that attorney's fees are warranted because plaintiffs had to "do battle within the context of ERISA and its interpretative jurisprudence." **ECF No. 163** at 14–15. Yet, it was plaintiffs who chose to stay in the federal battlefield, amending their complaint to include ERISA and other federal statutes, all of which were wholly unsuccessful. Furthermore, all the cases that the plaintiffs cite in support of their entitlement to fees fall within an ERISA framework; none contemplates the scenario before this Court, to wit, that plaintiffs' claims do not fall under ERISA and were remanded to state court as breach of contract claims. Plaintiffs admittedly point out that the cases they use in support of their request involve remands to the plan administrator of an ERISA covered plan and not a remand to state court for lack of subject matter jurisdiction. **ECF No. 163** at 14. Plaintiffs go on to note that their research did not produce a similar case to sustain the argument for entitlement to fees, but requests that the Court review the case law in support of attorney's fees under the statute as if ERISA applied. *Id.* 15–20. Plaintiffs insist that they prevailed because defendant "artificially created" an ERISA claim. *Id.* at 19. Yet, plaintiffs' legal reasoning is fundamentally flawed and blatantly contradictory.

In a benefits proceeding under ERISA, a court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The critical component in the statute is that it stems from an ERISA proceeding. Here, the Court found that BMS's severance plan was not covered by ERISA. **ECF Nos. 159. 160.** Although plaintiffs suggest that they have succeeded through the Court's remand to state court, the same constitutes an unequivocal finding that ERISA does not apply to the severance plan in question. Therefore, it is impossible for this Court to equate a remand to a plan administrator, or even a remand to the district court, with a remand to state court because the former presupposes that an ERISA covered plan exists, while the latter confirms that ERISA is inapplicable to the plan as a matter of law. Here, the Court found it lacked subject-matter jurisdiction to entertain plaintiffs' ERISA claims. **ECF No. 158.** In light of this finding, the Court is unable to apply ERISA case law when it simply does not, for it cannot, stand for the proposition plaintiffs seem to suggest, to wit, a remand is a remand, regardless of the forum and foundation of the remand. **ECF No. 163** at 16. As plaintiffs candidly admit, they could not find a case on point because the remands in which fees were awarded under ERISA hold no connection or analogy to the remand here.[2]

---

removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2. The Court need not discuss the remand cases plaintiffs cite pursuant to ERISA. None support plaintiffs' proposition that attorney's fees may be provided under ERISA for a remand based on a finding that ERISA was inapplicable and the court lacked subject matter jurisdiction. *See McKay v. Reliance Standard Life Ins. Co.,* 428 Fed.Appx. 537 (6th Cir.2011) (fees awarded in remand to ERISA plan administrator); *Gastronomical Workers Union Local 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp.,* 617 F.3d 54 (1st Cir.2010) (ERISA's mandatory fee was found inapplicable and the case was remanded for the district court's discretionary award of fees); *McDonald v. Pension Plan of NYSA–ILA Pension Trust Fund,* 450 F.3d 91 (2d Cir.2006) (remand to district court for further proceedings); *Blajei v. Sedgwick Claims Mgmt. Servs.,* 721 F.Supp.2d 584 (E.D.Mich. 2010) (court remanded the case to the ERISA plan administrator for further findings on de-

In addition, despite plaintiffs' suggestion otherwise, plaintiffs did not prevail on any of the claims in their amended complaint. The Court dismissed with prejudice their ERISA claims for alleged breach of fiduciary duty, benefits under the severance plan, and failure to provide plan documents and interference with plaintiffs' protected rights under ERISA. **ECF Nos. 159, 160.** The Court also dismissed as time-barred the ADEA claims submitted in the amended complaint. *Id.* Therefore, plaintiffs can not be deemed to have had any degree of success on the merits of their claims because no such claims existed under ERISA or under any other federal statute. *Gross v. Sun Life Assur. Co. of Canada,* 763 F.3d 73, 76 (1st Cir.2014) ("eligibility for an award under section 1132(g)(1) does not require that the fee-seeker be a prevailing party, but only that the 'claimant show[ ] some degree of success on the merits.'") (quoting *Gastronomical Workers Union Local 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp.,* 617 F.3d 54, 66 (1st Cir.2010)) (interpreting *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 245, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010)). Again, plaintiffs chose to remain in the federal battleground by amending their complaint to include ERISA and ADEA claims and not requesting immediate remand. They pursued their federal claims until the Court dismissed these claims with

prejudice. They are unable to now claim that the defendant forced them to remain in the federal forum when they chose to amend their complaint instead of remand it to Commonwealth court.[3]

It is entirely inapposite to request, far less, grant attorney's fees on a claim that does not fall within ERISA's purview. The Court cannot help but highlight the glaring contradiction in this request. If ERISA does not apply to plaintiffs' claims, its statute providing for fees can not apply either. The fact that plaintiffs understand, and have argued as much, that ERISA does not cover the severance plan, contradicts the submission plaintiffs make to afford them fees under an admittedly inapplicable statute. Plaintiffs are unable to claim the parts of ERISA that now convenience them, such as the provision for attorney's fees. Furthermore, this Court will not apply ERISA in part when it cannot apply ERISA as a whole. In fact, this Court lacks subject-matter jurisdiction to do so. For these reasons, the Court **DENIES** plaintiffs' motions for an award of attorney's fees (**ECF Nos. 163, 172**).

By like token and for the reasons stated above, plaintiffs are not entitled to the costs they seek since they are not a prevailing party. In addition, the Court notes that plaintiffs have not complied with the requisites for requesting the same, to wit,

---

nial of benefits); *Clark v. Metro. Life Ins. Co.,* 384 F.Supp.2d 894 (E.D.Va.2005) (court remanded to an ERISA plan administrator for a benefits determination). Plaintiffs also misstate *Scott v. PNC Bank Corp. & Affiliates Long Term Disability Plan,* 2011 WL 6439996 (D.Md.2011) (on a remand to the plan's appellate authority, the court **denied** attorney's fees under ERISA). Again, all the cases involved ERISA covered plans and remands for further proceedings in accordance with the statute.

**3.** In the panoply of claims and arguments that plaintiffs submitted to the Court, they succeeded in one: that the BMS severance plan was not covered by ERISA. This, at best, is a procedural victory. If the Court were to engage in the exercise of applying ERISA's attorney fee provision to an uncovered-by-ERISA claim, then fees would be equally unwarranted because the Supreme Court has delineated that the favorable outcome must be more than a "trivial success" or a "purely procedural victory." *Hardt,* 560 U.S. at 255, 130 S.Ct. 2149.

filing a verified bill of costs within the allocated time frame. *See* D.P.R. L. Civ. R. 54 and this Court's *Taxation of Costs Guidelines.* Plaintiffs' request for costs is not only procedurally deficient and untimely, but wholly unwarranted. Consequently, the Court **DENIES** plaintiff's request for costs.

## IV.  Conclusion

In light of the foregoing, plaintiffs' motions for an award of attorney's fees (**ECF Nos. 163, 172**) are **DENIED.** Plaintiffs' request for costs, contained within their requests for attorney's fees, is also **DENIED.**

**SO ORDERED.**